**NOT FOR PUBLICATION**

FILED

SEP 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARENCE AGCAOILI HERNANDEZ, | No.  09-73088 |
| Petitioner, | Agency No. A038-108-925 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 18, 2012
Submission Vacated November 2, 2012
Resubmitted August 31, 2020[**]
Honolulu, Hawaii

Before:  THOMAS, Chief Judge, and PAEZ, Circuit Judge[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this resubmitted case is suitable for decision  without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     This case is decided by quorum of the panel.  *See* 28 U.S.C. § 46(d); Ninth Circuit General Order 3.2(h)

Clarence Hernandez petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision by an immigration judge ("IJ") determining that he had not acquired derivative citizenship and was removable as charged. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition. Because the parties are familiar with the history of the case, we need not recount it here.

Hernandez argued in his original petition for review that the BIA improperly held that the IJ was justified in denying his fifth request for a continuance. Because we determined there were genuine factual disputes regarding the marital status of Hernandez's parents at the time of his birth that were relevant to the determination of whether he was entitled to derivative citizenship, we transferred the petition to the District of Hawaii, pursuant to 8 U.S.C. § 1252(b)(5)(B) for the limited purpose of making a determination of his citizenship claim. The district court permitted lengthy discovery, conducted a bench trial, and issued extensive findings of fact and conclusions of law. The district court concluded that Hernandez had failed to meet his burden of proof as to his claim of derivative citizenship.

Hernandez now contests the district court's conclusion. However, on careful review, we find no clear error in the district court's conclusions. *See United States*

2

*v. Mercado-Moreno*, 869 F.3d 942, 953 (9th Cir. 2017) ("We review factual findings . . . for clear error." (citations and quotations omitted)).  Hernandez also claims that the district court abused its discretion in excluding a purported marriage contract.  However, the record discloses that the district court did, in fact, admit the contract into evidence pursuant to *Vatyan v. Mukasey*, 508 F.3d 1179, 1183, 1185 (9th Cir. 2007).

Hernandez also argues that the district court abused its discretion in excluding three other pieces of evidence, but we agree with the district court that this evidence was properly excluded.  Deposition testimony was properly excluded as hearsay testimony because the deponent was available and testified.  *See* Fed. R. Evid. 804(b)(1).  A tendered affidavit was also properly excluded as improper hearsay testimony.  *See* Fed. R. Evid 801(c).  The district court did not abuse its discretion in excluding a photograph that was not produced in discovery.  Moreover, none of the excluded evidence was relevant to the court's conclusion.

Given the district court's de novo determination that Hernandez did not sustain his burden of proof to establish derivative citizenship, the BIA did not err in reaching the same conclusion, nor did the IJ abuse its discretion in denying Hernandez's fifth request for a continuance.  *See An Na Peng v. Holder*, 673 F.3d

1248, 1253 (9th Cir. 2012) (reviewing the denial of a continuance for abuse of discretion).

Therefore, we deny the petition for review.[1]

**PETITION DENIED.**

---

[1] Given our determination, we vacate our prior order dated October 14, 2016 directing supplemental briefing.